BOARDMAN, Judge.
Appellant/defendant timely appeals the adjudication of guilt to the offense of indecent assault upon a child in violation of Section 800.04, Florida Statutes. The trial court deferred sentencing and committed appellant to the Division of Mental Health for treatment. See Section 801.251, Florida Statutes. After careful review of the record we conclude that the trial court substantially complied with the requirements of the Child Molester Act, Chapter 801, Florida Statutes.
Appellant argues that it was error for the trial judge to accept his plea of nolo contendere for two reasons. One, he was mentally incompetent at the time he entered his plea, and two, he did not voluntarily and knowingly enter the plea. Because the record on appeal does not include a transcript of a competency hearing we cannot determine whether appellant was competent at the time he pled. Appellant does not contend and we cannot discern or assume from the sparse record before us that the trial court failed to comply with a motion properly made pursuant to Fla.R. Crim.P. 3.210(a). If a motion were filed and an evidentiary hearing was not conducted as contemplated by Fla.R.Crim.P. 3.210(a) appellant has prematurely raised the issue of competency by direct appeal and the correct vehicle for such relief would be under Fla.R.Crim.P. 3.850. The second point raised by appellant is just not supported by the record. Appellant has not demonstrated that manifest injustice or prejudice resulted to him.
We affirm the judgment of the trial court without prejudice to appellant to raise the same points presented here on a motion filed in the trial court either to withdraw his plea of nolo contendere or to vacate and set aside the judgment. See Fla.R.Crim.P. 3.170(f), 3.850.
AFFIRMED.
McNULTY, C. J., and HOBSON, J., concur.